STATE OF NORTH CAROLINA v. JESSE RAY PHILLIPS

No. 758SC57

(Filed 2 April 1975)

1. **Automobiles § 3— Driver's License Record Check — failure to limit contents**

    There is no merit in defendant's contention that the court erroneously failed to limit the contents of his "Drivers License Record Check" before its introduction in evidence where the record on appeal shows that only defendant's name and address and the certification by an agent of the Department of Motor Vehicles were read to the jury and that the record of defendant's prior convictions was not admitted before the jury.

2. **Automobiles § 3— driving while license revoked**

    The State's evidence was sufficient for the jury in a prosecution for driving while license was revoked where it tended to show that proper notice was given to defendant of revocation of his driving privilege, that defendant acknowledged to the arresting officer that he had no driver's license, and that defendant was operating a motor vehicle on a public highway while his license was revoked.

APPEAL by defendant from *Rouse, Judge*. Judgment entered 8 October 1974 in Superior Court, GREENE County. Heard in the Court of Appeals 20 March 1975.

Defendant was charged in a warrant with the offense of operating a motor vehicle upon a public street or highway on 2 June 1974 while his operator's license was revoked (G.S. 20-28). He was convicted in district court and appealed. Upon trial *de novo* before a jury in superior court, he was found guilty.

The State's evidence tends to show that by letter dated 25 July 1973 from the North Carolina Department of Motor Vehicles, defendant was advised that his operator's license was revoked for a period of one year beginning 4 August 1973 for having been convicted of the offense of driving while under the influence of intoxicating liquor. On 2 June 1974 defendant was apprehended by a deputy sheriff while operating a GMC half-ton truck on rural paved road No. 1405 in Greene County. The officer knew defendant and knew that he had been previously arrested for driving under the influence of intoxicating liquor. Defendant stated to the officer: "No, sir, you know I don't have any license." The officer then placed defendant under arrest for driving while his operator's license was revoked.

Defendant's evidence tends to show that he had not received a notice of revocation of his operator's license.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell and Associate Attorney James Wallace, Jr., for the State.*

*William R. Jenkins, for the defendant.*

BROCK, Chief Judge.

[1] Defendant argues that the trial court erred in denying his motion to limit the contents of his "Drivers License Record Check" before its introduction into evidence. This assignment of error and argument are feckless. The record on appeal shows clearly that only the defendant's name and address and the certification by the proper agent of the Department of Motor Vehicles were read to the jury. The record of defendant's prior convictions was not admitted before the jury in the presentation of the State's case. When defendant later testified in his own behalf, he was cross-examined concerning prior convictions. This cross-examination was permissible.

[2] Defendant argues that his motion for nonsuit should have been allowed. The State's evidence tended to show notice to defendant, in accordance with G.S. 20-48, of revocation of his driving privilege; that defendant acknowledged to the officer that he had no driver's license; and that defendant was operating a motor vehicle on a public highway while his license was revoked. This assignment of error is overruled.

Defendant's remaining assignments of error have been considered and are overruled.

No error.

Judges PARKER and ARNOLD concur.